**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Ina Stepanov, | Case No. 2:22-cv-01031-ART-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| The State of Nevada, et al., | |
| Defendants. | |

On August 18, 2022, this Court entered a screening order dismissing Plaintiff's claims with leave to amend. Ms. Stepanov has since filed an amended complaint. ECF No. 27. Ms. Stepanov has not taken any steps to cure the deficiencies previously identified. As a result, the Court will once again dismiss the claims with leave to amend.

**I.   Screening Standard**

Upon granting a request to proceed in forma pauperis, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (*quoting Iqbal*, 556 U.S. at 678). In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and

construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).

Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* But unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.     Screening First Amended Complaint

### A.     The Court Cannot Determine if Plaintiff States a Claim

Ms. Stepanov's First Amended Complaint is still very confusing. It is long and fails to identify which defendants are responsible for each claim alleged. As a result, the Court cannot evaluate whether Plaintiff states any claims upon which relief can be granted.

Once again, to help Plaintiff file a properly formatted complaint, the Court now advises her of the following requirements under the Federal Rules of Civil Procedure. Plaintiff is also advised that failure to comply with these rules when drafting and filing her amended complaint may result in this action being dismissed.

First, Plaintiff is advised that she must specify which claims she is alleging against which defendants. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, Plaintiff still must give defendants fair notice of each of the claims she is alleging against each defendant. Specifically, she must allege facts showing how each named defendant is involved and the approximate dates of their involvement. Put another way, Plaintiff should tell the Court, in plain language, what each defendant did to her and when. "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Iqbal*, 556 U.S. at 679.

Second, the amended complaint must be short and plain. The simpler and more concise Plaintiff's complaint, the easier it is for the Court to understand and screen it. The Federal Rules also require this. Under Federal Rule of Civil Procedure 8, Plaintiff's amended complaint must

contain "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "[E]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate count." *Id*.

Third, the amended complaint must be complete in and of itself. If Plaintiff chooses to file an amended complaint, she is advised that an amended complaint supersedes the original complaint and, thus, the amended complaint must be complete by itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc*., 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty*., 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit.

### B. Private Parties and § 1983

The Court also notes that Ms. Stepanov is attempting to bring claims under 42 U.S.C. § 1983. Title 42 U.S.C. § 1983 provides that "[e]very person who, under color of [law], subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . ." Section 1983 does not create any substantive rights but provides a method for enforcing rights contained in the Constitution or federal statutes. *Crowley v. Nev. ex. rel. Nev. Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "(1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Williams v. California*, 764 F.3d 1002, 1009 (9th Cir. 2014) (quotation omitted). Generally, private parties or private businesses are not acting under color of state law for § 1983 purposes. *See Dietrich v. John Ascuaga's Nugget*, 548 F.3d 892, 899-900 (9th Cir. 2008).

To state a claim against a private party under § 1983, a plaintiff must allege the private party "is a willful participant in joint action with the State or its agents." *Id*. at 900 (quotation omitted). A private party's conduct "constitutes state action when there is such a close nexus between the State and the challenged action that the individual's conduct may be fairly treated as that of the State itself." *Chudacoff v. Univ. Med. Ctr. of S. Nevada*, 649 F.3d 1143, 1150 (9th Cir. 2011) (quotation omitted). For instance, a private party's actions may constitute state action if the private party is controlled by a state agency, delegated a public function by the state, involved with governmental policies, or if the state manages or controls the private party. *Id*. A bare allegation of joint action is insufficient to state a claim against a private party under § 1983. *Dietrich*, 548 F.3d at 900.

Plaintiff alleges § 1983 claims against Jonathan Dahlus, Lisa Pitrelli, Yuexuan Guan, and Aillin Liu. These are all private parties. She also brings a claim against LHL Group LLC, which is a private business. Plaintiff does not allege that the Defendants are in joint action with the state, were delegated a public function by the state, are involved in governmental policy, or that they are otherwise managed or controlled by the state. Accordingly, as pled, Plaintiff fails to state a claim against these Defendants under § 1983.

### C. Immunities and § 1983

Lastly, Ms. Stepanov names the State of Nevada and Judge David Brown as Defendants. The Eleventh Amendment bars citizens from suing a state. U.S. Const. amend. XI. The United States Supreme Court has held that 42 U.S.C. § 1983 does not constitute an abrogation of the states' Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 338-40 (1979). Absent waiver, a state is therefore not subject to suit under Section 1983. *Id.* The State of Nevada has explicitly refused to waive its immunity to suit under the Eleventh Amendment. NRS 41.031(3). Thus, Ms. Stepanov cannot sue the State of Nevada under 42 U.S.C. § 1983.

As to Judge Brown, judges and those performing judge-like functions are absolutely immune from 42 U.S.C. § 1983 monetary liability for acts performed in their judicial capacities. *Stump v. Sparkman*, 435 U.S. 349, 355–57 (1978). Thus, if Judge Brown was engaging in judge-like functions, he will be entitled to immunity.

### D.  Claims Not Stemming from a Violation of 42 U.S.C. § 1983

To the extent Ms. Stepanov chooses to amend her complaint and bring different claims, she is reminded that the Court can only exercise jurisdiction over a claim in specific cases. "Federal district courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *K2 Am. Corp. v. Roland Oil & Gas*, LLC, 653 F.3d 1024, 1027 (9th Cir. 2011) (internal quotation omitted). Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In addition, federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a). "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

### III.  Conclusion

**IT IS THEREFORE ORDERED** that Plaintiff's First Amended Complaint (ECF No. 27) is **DISMISSED** with leave to amend.

**IT IS FURTHER ORDERED** that if Plaintiff chooses to amend her complaint, she must do so by November 1, 2022. Such an amended complaint must demonstrate that Plaintiff is attempting to cure the deficiencies identified above. If Plaintiff chooses not to amend her complaint, or if the amended complaint does not show that Plaintiff is attempting to fix the identified deficiencies, the Court will recommend that her case be dismissed.

DATED: August 23, 2022

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE