**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Ina Stepanov,<br><br>            Plaintiff,<br><br>    v.<br><br>State of Nevada, et al.,<br><br>            Defendants. | Case No. 2:22-cv-01031-ART-BNW<br><br>**ORDER** |

Before this Court is Plaintiff Ina Stepanov's "Motion to Amend." ECF No. 110.

### I.    Background

Before turning to the motion above, this Court takes the opportunity to comb the docket for all of the different filings associated with an intent to amend the complaint since this court announced that ECF No. 64 would be the operative complaint. It will also strike documents that do not comply with the local rules as the docket in this case has become extremely unwieldy.

On February 14, 2023, this Court granted Plaintiff's motion at ECF No. 63 and made Plaintiff's complaint at ECF No. 64 the operative complaint. ECF No. 65.[1] In that complaint, plaintiff named the following Defendants: Aaron Ford, Judge David Brown, and Paul Hesselgesser. Her claims included: 42 USC 1983, conspiracy to commit real estate deed fraud, forgery, and wrongful foreclosure.[2]

---

[1] There have been prior complaints filed. This Court does not recite the history as the docket makes clear that the operative complaint at this juncture is the one at ECF No. 64.

[2] This Court did not screen that complaint as she stopped proceeding in forma pauperis in this case once the filing fee in a parallel case was applied to the instant case. ECF Nos. 46, 49.

On February 23, 2023, Plaintiff filed a supplement to her complaint at ECF No. 66, which this Court will strike as complaints must be complete in and of themselves, without references to any other documents in the docket. LR IA 10-1(d); LR 7-2(g).

On March 13, 2023, Plaintiff filed an Amended Complaint, without seeking leave of Court. This is in violation of LR 15-1(a). As a result, this Court will strike the amended complaint at ECF No. 78. LR IA 10-1(d).

On March 20, 2023, Plaintiff filed a supplemental amended complaint to add exhibit G. As explained above, complaints must be complete in and of themselves, without references to any other documents in the docket. As a result, this Court will strike ECF No. 82. LR IA 10-1(d); LR 7-2(g).

On April 10, 2023, Plaintiff filed a supplemental amended complaint to add exhibit H. ECF No. 88. This Court denied the request. ECF No. 91.

On June 5, 2023, Plaintiff filed a motion to add a party to the case. ECF No. 103. The Court denied the motion explaining that complaints must be complete in and of themselves and explained that f Plaintiff wished to add parties she would need to file a motion to amend. ECF No. 105.

That brings us to the instant motion to amend at ECF No. 110.

II.     **Analysis**

Generally, a party may amend its pleading once "as a matter of course" within twenty-one days of serving it, or within twenty-one days after service of a responsive pleading or motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.*; *Foman v. Davis*, 371 U.S. 178, 182 (1962). "The court considers five factors

in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011). It is within the district court's discretion to determine whether to grant leave to amend, and "[a] district court does not err in denying leave to amend where the amendment would be futile." *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009).

First, this Court notes that no points or authorities were provided. Nevertheless, this Court in its discretion will analyze the motion as if points and authorities had been provided.

Plaintiff's proposed amended complaint includes the following Defendants: Aaron Ford, Judge David Brown, Shawna Hesselgesser, Paul Hesselgesser, and LHL Group. Her claims remain the same as those is the currently operative complaint at ECF No. 64: 42 U.S.C.§ 1983, conspiracy to commit real estate deed fraud, forgery, and wrongful foreclosure. Thus, it appears that Plaintiff is simply seeking to add two parties: Shawna Hesselgesser and LHL Group.

The only two factors that merits discussion in order to determine whether to allow Plaintiff to amend her complaint are (1) prior amendment and (2) futility as the rest are inapplicable.

This Court has previously allowed Plaintiff to amend her complaint. Nevertheless, no defendant has yet appeared in the case. As a result, this factor alone does not favor precluding the amendment.

The issue of futility is a closer one. The Court is cognizant of the fact that Plaintiff is attempting to sue private parties and that she would have to show that they were acting under color of state law for the §1983 claim to survive. *Rawson v. Recovery Innovations, Inc.*, 975 F.3d 742, 747 (9th Cir. 2020). Courts are empowered to deny leave to amend based on the futility of the proposed amendment. *E.g., Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015). Nonetheless, '[d]enial of leave to amend on this ground is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to

amend is granted and the amended pleading is filed.' *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003). Deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that the parties' arguments are better developed through a motion to dismiss. *See, e.g., In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 536 F. Supp. 2d 1129, 1135-36 (N.D. Cal. 2008)"). As a result, this Court will grant the instant request.

### III.  Conclusion

**IT IS ORDERED** that Plaintiff's Motion to Amend (ECF No. 110) is GRANTED. The Clerk of Court is directed to file ECF No. 110 as an amended complaint as ECF No. 123. ECF No. 123 shall be the operative complaint moving forward.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue summonses for Shawna Hesselgesser and LHL Group.

**IT IS FURTHER ORDERED** that Plaintiff shall serve Shawna Hesselgesser and LHL Group with a copy of the operative complaint (ECF No. 123) and the summons pursuant to Fed. R. Civ. P. 4 within 90 days of this order.

**IT IS FURTHER ORDERED** that Plaintiff shall provide notice of this amended complaint on all other Defendants within 30 days of this order.

**IT IS FURTHER ORDERED** that the Clerk of Court is to strike ECF No. 66, 78, 82.

DATED: August 2, 2023

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE