UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| INA STEPANOV,<br><br>　　　　　　　　　　Plaintiff,<br>　v.<br>THE STATE OF NEVADA, *et al.*,<br>　　　　　　　　　　Defendants. | Case No. 2:22-cv-01031-ART-BNW<br><br>ORDER |

**I.　SUMMARY**

*Pro se* Plaintiff Ina Stepanov brings this action concerning the foreclosure of her home under 42 U.S.C. § 1983 against the State of Nevada and related defendants. (ECF No. 1-1.) Before the Court are multiple motions by Plaintiff, including (1) Motion to Strike Minute Order ECF No. 92 (ECF No. 96), (2) Motion to Object (ECF No. 119), (3) Motion to Object to ECF No. 122 (ECF No. 128), (4) Motion to Object to ECF No. 127 (ECF No. 129), (5) Motion to Object (ECF No. 130), (6) Objection to ECF No. 127 (ECF No. 131), (7) Motion of Demand (ECF No. 138), (8) Emergency Ex Parte Temporary Restraining Order (ECF No. 143), (9) Motion Demand Trial by Jury (ECF No. 144), and (10) Motion for Hearing (ECF No. 146.). Because the Court finds that it lacks jurisdiction over this case and alternatively the defendants (1) are private parties that cannot be sued under 42 U.S.C. § 1981 and (2) public parties entitled to sovereign and judicial immunity, the Court will dismiss the case.

**II.　BACKGROUND**

Plaintiff challenges the foreclosure of her home. While the complaint is difficult to understand, it appears that LHL Group, LLC filed the foreclosure action and sold the house on May 21, 2019. (ECF No. 123 at 3-4.) Plaintiff

challenged the foreclosure by initiating a case on August 27, 2019, in state court, specifically, Case No. 19E020246 in the Las Vegas Justice Court.. (*Id.* at 5.) Plaintiff filed a complaint in the District of Nevada on June 30, 2022, regarding the foreclosure and state court proceedings. (*See* ECF No. 1.)

Plaintiff alleges various violations in relation to the foreclosure of her home. Plaintiff claims that the State of Nevada, Justice Court, LHL Group, LLC, and LHL Group LLC's agents wrongfully foreclosed on her home without due process and refused to deliver her house deed. (ECF No. 123 at 3-4.) In addition, Plaintiff alleges that the actors relied on forged documents to foreclose on the home. (*Id.* at 57.) Plaintiff further argues that she has faced severe emotional distress because of these illegal actions. (*Id.* at 63.)

## III. DISCUSSION

### A. This Court lacks subject matter jurisdiction under the *Rooker-Feldman* Doctrine.

Plaintiff asks this Court to review a state court eviction and foreclosure action and related claims. Under the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction to review decisions of state courts or to reverse or modify state court judgments. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 476 (1983). The *Rooker-Feldman* doctrine precludes federal district courts from hearing cases in which the "federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court and seeks relief from a state court judgment based on that decision." *Benavidez v. County of San Diego,* 993 F.3d 1134, 1142 (9th Cir. 2021) (internal quotation marks and citation omitted). Review of such state court decisions may be conducted only by the United States Supreme Court. *See* 28 U.S.C. § 1257; *see also Exxon Mobil Corp. v. Saudi Basic Indust. Corp.*, 544 U.S. 280, 291 (2005).

1        The *Rooker-Feldman* doctrine applies beyond direct challenges to state court decisions. "The doctrine also precludes constitutional claims that are 'inextricably intertwined' with the forbidden appeal.'" *Ignacio v. Judges of U.S. Court of Appeals for Ninth Circuit*, 453 F.3d 1160, 1167 (citing *Noel v. Hall*, 341 F.3d 1148, 1157 (9th Cir. 2003)). "*Rooker-Feldman* may also apply where the parties do not directly contest the merits of a state court decision, as the doctrine 'prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a *de facto* appeal from a state court judgment.'" *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008) (quoting *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004)).

         Plaintiff's claims are precluded under the *Rooker-Feldman* doctrine because they operate as a de facto appeal. To determine whether an action functions as a prohibited de facto appeal, courts "pay close attention to the relief sought by the federal-court plaintiff." *See Cooper v. Ramos*, 704 F.3d 772, 777–78 (9th Cir. 2012) (quoting *Bianchi v. Rylaarsdam*, 334 F.3d 895, 900 (9th Cir. 2003)). Where the form of relief would constitute a reversal or "undoing of the prior state-court judgment," *Rooker–Feldman* dictates that the lower federal courts lack jurisdiction. *Bianchi*, 334 F.3d at 900 (internal quotations and citations omitted). Plaintiff alleges various due process violations in connection with the Justice Court's foreclosure of her home. (*See* ECF No. 123 at 3-4.) Because Plaintiff seeks to reverse her eviction and the foreclosure of her home, which would necessarily require undoing a prior state-court judgment, this Court cannot intervene. *See Reusser*, 525 F.3d at 859-860 (finding extrinsic fraud claims by mortgagors who had been foreclosed upon during pendency of their bankruptcy proceeding were barred by the *Rooker-Feldman* doctrine).

         When an action is precluded under the *Rooker-Feldman* doctrine, the court lacks subject matter jurisdiction and must dismiss the action without prejudice. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a federal court

concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety.") When resolving this facial challenge to subject matter jurisdiction, the Court assumes the factual allegations of the complaint to be true and draws all reasonable inferences in favor of the plaintiff. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

### B. Section 1983 suits cannot be brought against private parties.

Even if the *Rooker Feldman* doctrine did not serve as a jurisdictional bar, Plaintiff could not bring a Section 1983 claim against private parties. 42 U.S.C. § 1983 provides that "[e]very person who, under color of [law], subjects, or causes to be subjected, any citizen of the Unite States...to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law..." 42 U.S.C. § 1983. Plaintiffs making claims under Section 1983 must allege that (1) the defendants acted under color of state law and (2) deprived plaintiffs of rights secured by the Constitution or federal statutes. *Williams v. California*, 764 F.3d 1002, 1009 (9th Cir. 2014).

Private parties typically do not act under color of state law for Section 1983 purposes. *See Dietrich v. John Ascuaga's Nugget*, 548 F.3d 892, 899-900 (9th Cir. 2008). Plaintiffs can only bring Section 1983 claims against private parties if they allege the private party "is a willful participant in joint action with the State or its agents." *Id.* at 900. (quotation omitted). There must exist "such a close nexus between the State and the challenged action that the individual's conduct may be fairly treated as that of the State itself." *Chudacoff v. Univ. Med. Ctr. Of S. Nevada*, 649 F.3d 1143, 1150 (9th Cir. 2011) (quotation omitted). Some examples of sufficient state action include if the private party is controlled by a state agency, delegated a public function by the state, or is involved with governmental policies. *Id.* Plaintiffs cannot merely make a bare allegation of joint action to state a Section 1983 claim against a private party. *Dietrich*, 548 F.3d at 900.

Here, Plaintiff fails to meet the pleading standard for Section 1983 claims

against private parties. Plaintiff brings Section 1983 claims against private individuals, Paul and Shawna Hesselgesser, and a private business, LHL Group, LLC, but she never alleges these Defendants are in joint action with the state. Thus, the Court will dismiss all claims against these Defendants.

### C. Other defendants are entitled to immunity in this case.

#### a. State of Nevada

Plaintiff also improperly seeks to sue parties entitled to immunity. The Eleventh Amendment bars citizens from suing a state. U.S. Const. amend. XI. Section 1983 does not abrogate states' Eleventh Amendment immunity. *See Quern v. Jordan*, 440 U.S. 332, 338-40 (1979). Section 1983 suits against states can only proceed if the state waived its immunity. *Id.* The State of Nevada has explicitly refused to waive its Eleventh Amendment immunity. NRS 41.031(3). Thus, the Court will not allow the claims against the State of Nevada to proceed.

#### b. Judge David Brown

Judge David Brown is similarly immune to suit. Judges and those performing judge-like functions are absolutely immune from Section 1983 monetary liability for acts performed in their judicial capacities. *Stump v. Sparkman*, 435 U.S. 349, 355-57 (1978). Plaintiff appears to allege Judge Brown acted improperly by allowing the foreclosure on her home. Since Plaintiff's claims relate to actions by Judge Brown in his judicial capacity, the Court will dismiss Judge Brown from the present action.

### D. Plaintiff's claims against Attorney General Ford are unclear.

After dismissal of the above Defendants, only Attorney General Ford remains as a Defendant. The Court finds Attorney General Ford should be dismissed from this action. Plaintiff's complaint is difficult to decipher, and it is unclear what claims she makes against Attorney General Ford. Plaintiffs must include in their complaint "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" FRCP 8(a)(2). "[T]he pleading standard Rule 8

1  announces does not require 'detailed factual allegations,' but it demands more
2  than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft*
3  *v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S.
4  544, 555 (2007). "*Twombly* held that Rule 8 requires plaintiffs to include enough
5  facts 'to raise a right to relief beyond a speculative level,' and cautioned that 'a
6  formulaic recitation of the elements of a cause of action will not do.'" *Whitaker v.*
7  *Tesla Motors, Inc.*, 985 F.3d 1173, 1176 (9th Cir. 2021) (quoting *Twombly*, 550
8  U.S. at 555)). Because the Court cannot determine the specific allegations against
9  Attorney General Ford, the Court will dismiss him from the case.

10 **IV.   CONCLUSION**
11         The Court notes that Plaintiff made several arguments and cited to several
12 cases not discussed above. The Court has reviewed these arguments and cases
13 and determines that they do not warrant discussion as they do not affect the
14 outcome of the issues before the Court.
15         It is therefore ordered that the following outstanding motions are
16 dismissed: (1) Motion to Strike Minute Order ECF No. 92 (ECF No. 96), (2) Motion
17 to Object (ECF No. 119), (3) Motion to Object to ECF No. 122 (ECF No. 128), (4)
18 Motion to Object to ECF No. 127 (ECF No. 129), (5) Motion to Object (ECF No.
19 130), (6) Objection to ECF No. 127 (ECF No. 131), (7) Motion of Demand (ECF No.
20 138), (8) Emergency Ex Parte Temporary Restraining order (ECF No. 143), (9)
21 Motion Demand Trial by Jury (ECF No. 144), and (10) Motion for Hearing (ECF
22 No. 146.)
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

1   It is further ordered that the case is dismissed without prejudice.

2   It is further ordered that the Clerk of Court is directed to enter judgment
3   accordingly and close this case.

6   DATED THIS 22nd Day of December 2023.

_____
ANNE TRAUM
UNITED STATES DISTRICT JUDGE